UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YEON HEE KIM individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br>v.<br><br>OH K-TERING LLC DBA DURI CATERING, and HYUNJUN AHN<br><br>Defendants, | Index No. 24-cv-4760<br><br><br><br>COLLECTIVE COMPLAINT |

Plaintiff YEON HEE KIM (hereinafter referred to as "Plaintiff"), by and through her attorney, Ryan Kim, P.C., hereby brings this complaint against Defendants OH K-TERING LLC dba DURI CATERING, and HYUNJUN AHN and alleges as follows:

## INTRODUCTION

1. This action is brought by Plaintiff YEON HEE KIM, against the Defendants for alleged violations of the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 et seq., New Jersey Wage and Hour Law (NJWHL), and New Jersey Wage Payment Law ("NJWPL") arising from Defendants' various willful, malicious, and unlawful employment policies, patterns, and practices.

2. Upon information and belief, Defendants have willfully, maliciously, and intentionally committed widespread violations of the FLSA, NJWHL, and NJWPL by engaging in a pattern and practice of failing to pay its employees, including Plaintiff, overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiff alleges pursuant to the FLSA, that she is entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) retaliation in

1

violation of N.J.State. § 34:11D-4 and 29 U.S.C. § 215(a)(3), (4) illegal retention of tip, (5) liquidated damages, (6) prejudgment and post-judgment interest; and/or (7) attorney's fees and cost.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and has supplemental jurisdiction over the NJWHL claims pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

6. Plaintiff YEON HEE KIM started her work at DURI CATERING in about August 23, 2023 and ended on December 1, 2023. Ms. Kim is a resident of Bergen County, New Jersey.

## DEFENDANTS

*Corporate Defendant*

7. Oh K-Tering LLC (hereinafter referred to as "OKTL") is a domestic business corporation organized under the laws of the State of New Jersey with a principal address at 2024 Center Avenue, Fort Lee, NJ 07024.

8. OKTL is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

9. OKTL provided services in interstate commerce.

*Owner/Operator Defendants*

10. HYUNJUN AHN (hereinafter referred to as "Ahn") known as Owner to Plaintiff, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at OKTL.

11. AHN hired Plaintiff.

12. AHN fired Plaintiff.

13. AHN paid Plaintiff.

14. AHN actively managed OKTL.

15. AHN resides in the State of New Jersey, Bergen County.

16. AHN acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, and the regulations thereunder, and is liable with OKTL.

## STATEMENT OF FACTS

17. Defendants committed the following alleged acts knowingly, intentionally willfully, and maliciously against Plaintiff.

18. At all relevant times, Defendants knowingly, willfully, and maliciously failed to pay Plaintiff her lawful New Jersey State minimum wage and overtime compensation of one and one-half times (1.5x) her regular rate of pay for all hours worked over forty (40) in a given workweek.

19. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

20. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

21. Upon information and belief, Defendants failed to keep full and accurate records in order: to mitigate liability for their wage violations.

22. Defendants did not post the required New Jersey State Department of Labor posters regarding minimum wage pay rates, overtime pay, and payday.

*Plaintiff YEON HEE KIM*

23. Ms. Kim started her work at DURI CATERING on or about August 23, 2023 until December 1, 2023.

24. During her employment, she was a kitchen worker who prepared catering food at Duri Catering.

25. During her employment, Ms. Kim started her work at 7 a.m. and ended at 5 p.m. from Monday to Saturday. She was off on Sundays.

26. She worked 10 hours per day and 60 hours per week from August 23, 2023 until October 15, 2023. During this period, she was paid $1,000.00 per week.

27. Around October 14, 2023, Ms. Kim lodged a complaint with Defendant Ahn, asserting her entitlement to overtime pay. Subsequently, the Defendants decreased her working hours to 40 hours per week while maintaining the same pay rate.

28. From October 16, 2023 until December 1, 2024, Plaintiff worked 8 hours per day and 40 hours per week and she was paid $1,000 per week.

29. Plaintiff had not been compensated any overtime wage for the hours she worked in access of 40 hours per workweek during her employment period.

30. On December 1, 2024, the Plaintiff was terminated from her position after she raised concerns about working overtime without receiving overtime wages.

31. During the plaintiff's employment period, the defendants maintained a tip jar to collect tips from customers. However, they retained all the tips and did not share them with their employees.

32. Throughout her employment, Plaintiff was not given a statement with her weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each payday.

33. Throughout her employment, Plaintiff was not compensated at least one-and-one-half her promised hourly wage for all hours worked above forty (40) in each workweek.

### STATEMENT OF CLAIMS

### COUNT I.
### Violation of the Fair Labor Standards Act-Failure to Pay Minimum Wage

34. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

35. The FLSA requires employers, such as Defendants, to pay employees the minimum wage for all hours worked.

36. At all relevant times, 29 U.S.C. § 206 has defined the minimum wage under the FLSA. Prior to July 23, 2008 (during the applicable statute of limitations), the federal minimum wage was $6.55 an hour. Since July 24, 2009, the federal minimum wage has been $7.25 an hour.

37. During the applicable statute of limitations, Defendants have failed to pay Plaintiff the federally mandated minimum wage for all hours worked.

38. Plaintiff does not or did not perform job duties or tasks that permit them to be exempt from a minimum wage as required under the FLSA.

39. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

40. Plaintiff seeks damages in the amount of all respective unpaid minimum wage compensation at the minimum wage rate effective during the applicable workweek, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

41. Plaintiff seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

**COUNT II.**
**Violations of the Fair Labor Standards Act-Failure to Pay Overtime**

42. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

43. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a workweek longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which She is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

44. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of her unpaid overtime compensation, and an additional equal amount as liquidated damages. 29 USC § 216(b).

45. Defendants' failure to pay Plaintiff her overtime pay violated the FLSA.

46. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff or all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(I) and 215(a).

47. The FLSA and supporting regulations required employers to notify employees of employment law to require employers to notify employment law requirements. 29 C.F.R. § 516.4.

48. Defendants willfully and maliciously failed to notify Plaintiff of the requirements of the employment laws in order to facilitate her exploitation of Plaintiff's labor.

49. Defendants knowingly, willfully, and maliciously disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff.

## COUNT III.
### Violation of New Jersey Wage and Hour Law-Failure to Pay Minimum Wage

50. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

51. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

52. Defendants intentionally and willfully failed to pay and refused to pay Plaintiff minimum wages, in violation of New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.7, the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a, and the New Jersey Wage and Hour Regulations, N.J.A.C. § 12:56-1.2(a).

## COUNT IV.
### Violation of New Jersey Wage and Hour Law-Failure to Pay Overtime

53. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

54. An employer who fails to pay their employees' wages shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to two hundred percent (200%) thereafter under New Jersey Wage and Hour Law, 34:11-56, 58.

55. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff at one and one-half times the hourly rate the Plaintiff.

56. Defendants' failure to pay Plaintiff her overtime pay violated the NJWHL.

57. Defendants' failure to pay Plaintiff was not in good faith.

## COUNT V.
### New Jersey Common Law - Conversion

58. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

59. At all times relevant to this action, Defendants misappropriated and/or required Plaintiff to turn over all of, or portions of, their tips to Defendants. Plaintiff was not permitted to retain all of the tips they received.

60. Defendants, who are not tipped employees, took control of the tips, which were the property of Plaintiff and unlawfully retained portions of the tips.

## COUNT VI.
### New Jersey Common Law - Unjust Enrichment

61. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

62. At all times relevant to this action, Defendants misappropriated and/or required Plaintiff to turn over all of, or portions of, their tips to Defendants. Plaintiff was not permitted to retain all of the tips they received.

63. Defendants, who are not tipped employees, took and retained tips, which were earmarked for, and belonged to, Plaintiff.

64. Defendants received a benefit by wrongfully taking tips that belonged to Plaintiff, and Defendants' retention of these tips is inequitable.

## COUNT VII.
### Unlawful Retaliation under the FLSA

65. Plaintiff realleges and incorporates by reference all preceding paragraphs relevant to her claim for unlawful retaliation as if she was set forth again herein.

66. FLSA § 215 makes it unlawful for an employer to discharge or in any manner discriminate against any employee because such employee, inter alia, filed a complaint related to any provision of the FLSA.

67. Defendants unlawfully retaliated against Plaintiff pursuant to FLSA § 215 by terminating her employment after she questioned Defendants' pay practices, including her working hours and her unpaid overtime wage.

68. As a result of Defendants' willful, unlawful retaliatory conduct, Plaintiff is entitled to all available damages, including, but not limited to, lost wages, emotional distress damages, liquidated damages, punitive damages, attorneys' fees, and litigation costs, and interest.

## COUNT VIII.
### Unlawful Retaliation under NJ Wage and Hour Law

69. Plaintiff realleges and incorporates by reference all preceding paragraphs relevant to her claim for unlawful retaliation as if she was set forth again herein

70. N.J. Stat. § 34:11D-4 makes it unlawful for an employer to discharge, threaten, penalize, or in any manner discriminate or retaliate against any employee because such employee, inter alia, made a complaint to his or her employer that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of the NYLL.

71. Defendants unlawfully retaliated against Plaintiff pursuant to N.J. Stat. § 34:11D-4 by reducing her working hours after she questioned Defendants' pay practices, including her working hours and her unpaid overtime wage.

72. As a result of Defendants' willful, unlawful retaliatory conduct, Plaintiff is entitled to all available damages, including, but not limited to, lost wages, emotional distress damages, liquidated damages, punitive damages, attorneys' fees, and litigation costs, and interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment providing the following relief:

a)   A declaratory judgment that the practices complained of herein are unlawful under FLSA, New Jersey Wage and Hour Law, and New Jersey Wage Payment Law;

b)   An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

c)   An award of unpaid minimum wage and overtime wages due under FLSA and New Jersey Wage and Hour Law due Plaintiff plus compensatory and liquidated damages in the amount of two hundred percent (200%) thereafter under New Jersey Wage Theft Act;

d)   An Plaintiff all damages to which she is entitled pursuant to Defendants'

unlawful retaliatory actions in violation of FLSA § 215 and N.J. Stat. § 34:11D-4.

e) An award of liquidated and/or punitive damages as a result of Defendants' knowing, willful, and malicious failure to pay overtime compensation pursuant to 29 U.S.C. §216;

f) An award of liquidated and/or punitive damages as a result of Defendants' willful and malicious failure to overtime compensation pursuant to New Jersey Wage and Hour Law;

g) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NJWHL;

h) The cost and disbursements of this action;

i) An award of prejudgment and post-judgment fees;

j) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) and 38(c) of the Federal Rules of Civil Procedures, Plaintiff demands a trial by jury on all questions of facts.

Respectfully submitted,

  /s/ Ryan Kim
Ryan J. Kim

Ryan J. Kim, Esq.
Ryan Kim Law
222 Bruce Reynolds Blvd
Suite 490
Fort Lee, NJ 07024
ryan@RyanKimLaw.com

11